DONALD MAXWELL, T/A G. & M. FLOOR COVERING v. JOHN R. PERRY, JR. AND RILLA ROTHROCK

No. 7422DC455

(Filed 5 June 1974)

Laborers' and Materialmen's Liens § 3— action against owner — failure to show agency of contractor for owner

In an action against a contractor and an owner to recover for labor and materials furnished in the construction of a house, the trial

court properly dismissed the action against the owner where plaintiff's evidence showed that his services were engaged by the contractor and plaintiff presented no evidence of authority from the owner to the contractor to bind the owner for any purchases made by the contractor.

APPEAL by plaintiff from *Cornelius, Judge,* 11 December 1973 Session of DAVIDSON County, General Court of Justice, District Court Division.

Heard in the Court of Appeals 15 May 1974.

Plaintiff brought this action for labor and materials in the installation of formica cabinet tops, vinyl floor covering, carpets and ceramic walls. The labor and materials were furnished in the construction of a house on land owned by Rilla Rothrock (owner). The house was being constructed by the defendant Perry (contractor).

Plaintiff alleged and offered evidence tending to show that he started furnishing the labor and materials for the house under construction on 31 May 1972; that his services were engaged by the contractor; that he had never had any conversation or dealings with the owner and had not sent her any bills or any notice of his claim and so far as he knew the first notice the owner had of his claim was when suit was instituted and the sheriff served papers on her. The plaintiff testified that he had not been paid anything for his labor and materials by either the contractor or the owner.

At the conclusion of the plaintiff's evidence, the owner made a motion to dismiss the action for failure to make out the case. This motion was sustained by the trial court, and the action was dismissed as to the owner. Plaintiff appealed.

*William H. Steed for plaintiff appellant.*

*Wilson and Biesecker by Joe E. Biesecker for defendant appellee, Rilla Rothrock.*

CAMPBELL, Judge.

Plaintiff assigns as error the dismissal of his claim against the owner. Plaintiff asserts that the owner admitted that Perry was the contractor to build the house in question and that, by virtue of such a contract, the owner was obligated for any labor and material used in the house and procured by the contractor.

---

---

This is an incorrect assumption. A contractor as such is not a general agent for the owner. The relationship between the owner and the contractor would depend upon what type of contract had been entered into. In the absence of any showing as to the type of contract between the owner and the contractor, the contractor would have no authority to bind the owner in any way. See *Oldham & Worth, Inc. v. Bratton,* 263 N.C. 307, 139 S.E. 2d 653 (1965).

In the instant case the plaintiff has failed to show any authority from the owner to the contractor to bind the owner for any purchases made by the contractor. The burden was upon the plaintiff to show that the owner was obligated to pay for the material and labor furnished by the plaintiff at the request of the contractor. The plaintiff has not carried this burden in the instant case; and, therefore, the trial court was correct in dismissing the action.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.